UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERVET INC.,<br><br>*Defendant.* | Civil Action No. 1:07-cv-00630-HHK |

## INTERVET'S MOTION TO DISMISS MERIAL'S COMPLAINT

Defendant Intervet Inc. ("Intervet") hereby moves pursuant to Fed. R. Civ. P. 12(b)(6) and 13(a) to dismiss the complaint of Plaintiffs Merial Limited and Merial SAS (collectively "Merial").

Merial's complaint should be dismissed because at the time Merial filed this action Intervet had already commenced an action in this Court between the same parties and concerning the same patent and product as in Merial's complaint.  Thus Merial's complaint is completely duplicative of Intervet's first-filed action, and, as such, should be dismissed pursuant to Fed. R. Civ. P.12(b)(6) for failure to state a claim upon which relief can be granted as that claim is barred under Fed. R. Civ. P.13(a).

## BACKGROUND

On March 20, 2007, Intervet filed a declaratory judgment action against Merial in this Court asserting that Merial's newly issued patent, U.S. Patent No.7,192,594 ("the '594 patent") is invalid and not infringed by Intervet's manufacture and sale of its porcine circovirus vaccine. *Intervet v. Merial Limited and Merial SAS*, Civ. Action No. 1:07-cv-00559-HHK ("Intervet Action"). On April 4, 2007, with knowledge of Intervet's complaint, but prior to service of the complaint on Merial, Merial filed the present action. [Letter from Frank G. Smith to Michael D. Loughnane dated March 28, 2007, attached hereto as Exhibit 1; D.I. 1.] On April 5, 2007, the complaint in the Intervet Action was served on Merial. In its complaint, Merial alleges that Intervet has infringed the '594 patent, the same patent at issue in the first-filed Intervet Action *See id.* at pp. 2, 5. Prior to filing this action, Merial had notice of the Intervet Action and rather than answering the Intervet Action with its compulsory counterclaims, Merial filed this second action including counterclaims that are required under Rule 13(a) to have been included in their answer to the Intervet Action. Accordingly, since there are now two patent infringement actions in this Court involving the same parties and identical issues, Merial's second-filed case should be dismissed.

## ARGUMENT

It is well settled that when two patent lawsuits involving the same subject matter are co-pending, the first-filed should normally proceed first, to the exclusion of the later-filed action. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993). Moreover, the Federal Circuit has held that the first-filed rule applies even in situations where the first-filed action is a declaratory judgment. *See id.*; *see also Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 185 (1952). As stated by the Federal Circuit: "When the declaratory action

can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding . . . a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement action." *Genentech*, 998 F.2d at 938. Moreover, a claim for patent infringement is a compulsory counterclaim under Rule 13(a) in a declaratory judgment action of patent invalidity. *See Polymer Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003). Even where both cases are filed in the same district, the first-filed rule and Rule 13(a) apply and the later filed action should be dismissed in favor of the first-filed action under Rule 12(b)(6). *SAS Inst., Inc. v. PracticingSmarter, Inc.*, 353 F. Supp. 2d 614 (M.D.N.C. 2005) (dismissing later filed patent infringement case in favor of earlier filed declaratory judgment case in same district).

Here, Intervet's Action is clearly the first-filed case. Intervet sued Merial over two weeks before Merial's complaint in this action was filed. The Intervet Action also covers the identical subject matter as this action, namely Merial's '594 patent and Intervet's porcine circovirus vaccine. Since the first-filed Intervet Action seeks a declaratory judgment that Merial's '594 patent is invalid and not infringed, Merial's claim of patent infringement was a compulsory counterclaim under Rule 13(a). Thus, it was improper for Merial to file a separate action for patent infringement in response to the Intervet Action; rather, Merial's proper course was to answer the Intervet Action, regardless of whether Intervet had yet served its complaint on Merial. The Federal Rules implicitly permit a defendant to file an answer before being served by providing that a civil action is commenced upon the filing of a Complaint, not by service of process. *See* Fed. R. Civ. P. 3; *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). To instead file a duplicative action in the same district is a waste of judicial resources, and promotes judicial inefficiencies.

For the reasons set forth above, Merial's later-filed case should be dismissed in favor of Intervet's first-filed case.  *See, SAS Institute*, 353 F. Supp. 2d at 616.

Dated: May 24, 2007                                    Respectfully Submitted,


                                                       /s/  Cedric C.Y. Tan, Esq.
                                                       John R. Hutchins, Esq. (D.C. Bar #456749)
                                                       Cedric C.Y. Tan, Esq. (DC Bar #464848)
                                                       KENYON & KENYON LLP
                                                       1500 K Street N.W., Suite 700
                                                       Washington, DC. 20005
                                                       (202) 220-4200 (telephone)
                                                       (202) 220-4201 (facsimile)
                                                       Attorneys for Defendant
                                                       Intervet Inc.

# Exhibit 1

# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424

404-881-7000
Fax: 404-881-7777
www.alston.com

Frank G. Smith, III          Direct Dial: 404-881-7240          E-mail: frank.smith@alston.com

March 28, 2007

**VIA E-Mail**

Michael Loughnane
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004.

    Re:    *Intervet v. Merial et al*

Dear Mike:

    For the sake of good order, I want to confirm our recent discussions with respect to the following matters:

    1.    **Intervet's declaratory judgment action with respect to the '594 patent:** The summons and complaint have yet to be served on the Merial entities named in Intervet's action filed in the United States District Court for the District of Columbia on March 20, 2007, and when we spoke yesterday, you were unable to tell me what Intervet's intentions with respect to service are. However, as I indicated to you, I have been authorized to accept service of process of the summons and complaint on behalf of Merial Limited and Merial SAS. If Intervet decides to serve the summons and complaint, please arrange to have the original of the summons and complaint sent to me.

    2.    **The protective order in the declaratory judgment action with respect to the '601 patent:** Merial believes that the "fine" provisions of the order should be modified to apply only to counsel for the parties who receive access to attorneys' eyes only documents and information. Accordingly, Merial cannot agree to Intervet's suggestion that the "fine" provisions apply only to specified in-house attorneys and to counsel that prosecute patents for the parties and who have access to attorneys' eyes only documents and information. Drafts of a motion, brief, and protective order that are intended to reflect Merial's position are attached for Intervet's consideration. Merial believes that the motion to amend should be brought to the attention of Magistrate Judge

Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
704-444-1000
Fax: 704-444-1111

90 Park Avenue
New York, NY 10016
212-210-9400
Fax: 212-210-9444

3201 Beechleaf Court, Suite 600
Raleigh, NC 27604-1062
919-862-2200
Fax: 919-862-2260

The Atlantic Building
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
Fax: 202-756-3333

Michael Loughnane
March 28, 2007
Page 2

Facciola promptly and therefore asks that Intervet let me know by noon, EDT this Friday, March 30, 2007, if Intervet will, or will not, agree to join in the motion.

       3.       **Call with Judge Kennedy 11:00 a.m. April 9, 2007:** Merial will arrange to set up the call. Please provide me with the names of the attorneys representing Intervet who you want to be on the call, and we will set up a dial-in number.

       4.       **Production of Intervet's documents:** Although I understand that Intervet has not at this time decided whether it will appeal Magistrate Judge Facciola's ruling on Merial's motion for a protective order or whether it will join in Merial's motion to amend (item 2 above), there is no reason for Intervet not to have gathered and have ready for production the documents which Merial has requested Intervet to produce. Accordingly, once the protective order issues are resolved, Merial expects Intervet to produce immediately all of the remaining documents Merial has requested.

       5.       **Experts on claim construction issues:** In response to your suggestion that we exchange the names of expert witnesses who will provide testimony in connection with claim construction, I suggest that we agree to exchange the names of any such witnesses two weeks prior to the submittal of the initial claim construction briefs, *i.e.*, by April 18, 2007 and that the depositions of such experts take place following service of the initial claim construction briefs but prior to service of the second claim construction briefs, with the understanding that the expert(s) agree to make themselves available at reasonable times and places during that time-frame. Merial has considered Intervet's suggestion that the parties will not be required to retain or produce drafts of expert(s)' reports and cannot agree to it. In particular, Merial expects that all drafts of expert reports associated with the Georgia action will be retained and produced at the appropriate time.

                                                             Sincerely,

                                                            Frank G. Smith, III

FGS,III/jrh
cc:     All Counsel of Record

LEGAL02/30307934v1

# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERVET INC.,<br><br>*Defendant.* | Civil Action No. 1:07-cv-00630-HHK |

### [PROPOSED] ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of Intervet's Motion to Dismiss Merial's Complaint, and any response thereto,

IT IS HEREBY ORDERED that said Motion is GRANTED and the above captioned action is hereby DISMISSED.

**SO ORDERED**.

Date: _____              _____
                                   United States District Judge
                                   Henry H. Kennedy, Jr.

1