UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS,<br><br>*Plaintiffs*,<br><br>v.<br><br>INTERVET INC.,<br><br>*Defendant*. | Civil Action No. 1:07-cv-00630-HHK |

### REPLY IN SUPPORT OF INTERVET'S MOTION TO DISMISS MERIAL'S COMPLAINT

In opposition to Intervet's motion to dismiss Merial's complaint, Merial does not dispute the central fact that Intervet's complaint was in fact filed first. Instead, Merial argues that it is the "natural plaintiff" and that the Court should deem it plaintiff because Intervet did not immediately serve its complaint. This is not the first time that this Court has heard argument from Merial that it should be plaintiff, and this argument again—like the last—should be rejected. *See* D.I. 65, Memorandum Opinion and Order, dated 12/9/2006, in *Intervet v. Merial*, Civil Action 06-00658-HHK. Under the factors set forth in the Court's December 2006 Order denying Merial's motion to realign the parties in that case, there is no basis for allowing Merial's second-filed action to proceed. Simply put, Intervet filed the first action, is captioned as the Plaintiff, and there is no compelling reason to realign the parties, either by motion, or by way of Merial's duplicative action.

Instead of merely moving forward with the first-filed action (Civil Action 07-cv-00559-HHK, the "559 case"), which Merial admits contains the identical issues presented in Merial's

later-filed action (Civil Action 07-cv-00630-HHK, the "630 case"), Merial wishes to engage in costly and wasteful motion practice to become the "plaintiff."[1] While Merial alleges that Intervet has engaged in procedural tactics to become the plaintiff, in fact it is Merial that engaged in such activities by filing a duplicative action instead of answering Intervet's first-filed complaint. The time and resources of this Court are better spent focusing on issues of substance rather than being involved in the quagmire of motion practice that Merial has created. The issue is straightforward: Intervet filed the first action, and absent compelling facts to the contrary this first-filed action should have precedence. Merial raises no compelling contrary facts, and it did not even address the fact that its later filing was a violation of Rule 13(a).

Merial claims that the first-filed rule should be ignored in this case for two reasons. First it alleges that Intervet has been involved in "gamesmanship and procedural fencing". Second it alleges that the first-filed rule does not apply in cases where the two actions are before the same court.

With respect to the issue of "gamesmanship and procedural fencing", it is Merial who has engaged in such maneuvers.[2] There is no dispute that the Court possessed jurisdiction over

---

[1] Merial wastes a great deal of ink recanting the irrelevant history of the parties' dispute involving a different patent in Georgia where Merial lost the jurisdictional battle after a full-day hearing on its preliminary injunction motion. Incredibly, Merial appears to blame its loss in Georgia on Intervet's reluctance to capitulate, and not on Merial's failed litigation tactics. The only issue before this Court is whether Intervet's first-filed action on a new patent preempts Merial's second-filed action on admittedly identical issues.

[2] The only gamesmanship that Merial alleges is that Intervet did not serve the complaint swiftly enough. However, nothing prevented Merial from filing its answer in the first-filed 559 case at any time. Moreover, the cases relied on by Merial are inapposite. For example, the facts here are a far cry from the facts in *Zide Sport Shop of Ohio, Inc., v. Ed Tobergte Assoc., Inc*., 16 Fed.Appx. 433 (6th Cir. 2001). In this unpublished decision, the Sixth Circuit affirmed a discretionary decision by a District Court to dismiss a declaratory judgment action due to the bad faith activities of the plaintiff, despite it being the first-filed action. Specifically, the plaintiff had sought an extension of time to pursue settlement, secretly filed the declaratory judgment action, and continued the negotiations without informing the declaratory judgment defendants. *Id.* at 435. Even after the defendants filed the later action and served it on plaintiffs, plaintiffs did not reveal the existence of the first-filed action. Instead, plaintiffs sought an extension of time to file an answer. Then a day before that answer was due, they filed an amended declaratory judgment complaint, and served it the next day. *Id.* at 436. *Zide* is not remotely relevant here. In *Zide*, the sequence

Intervet's first-filed action and that it was filed in a proper forum.[3]  Accordingly, Merial should have answered Intervet's complaint when it learned of its existence just days after its filing instead of filing a wholly duplicative second action.  Alternatively, Merial should have dismissed its second-filed action rather than filing a motion to dismiss the first-filed action.  Instead, Merial persisted in pursuing its second-filed duplicative action for the sole purpose of being the "plaintiff" and receiving all the alleged "benefits" that this entails.  Moreover, Merial's argument that Intervet is seeking to delay this litigation rings hollow when Intervet was the first to file a complaint and Merial refused to answer Intervet's complaint, instead, initiating a duplicate action resulting in this wasteful motion practice.

Merial's second argument is that the first-to-file rule should not apply here as both cases are in the same district court.  In support of its position, Merial cites to an unpublished decision from this district, and a footnote reference from a decision in another circuit.  As stated in Intervet's opening brief, the preferred application of the first-to-file rule in a patent case is based on long-standing Federal Circuit precedent.  *See* Intervet's Opening Br., D.I. 13, at 2, citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993).  The only case analyzing this issue under Federal Circuit precedent is *SAS Instit. v. Practicing Smarter*, 353 F. Supp. 2d 614 (M.D.N.C. 2005), which is discussed in Intervet's opening brief.  Contrary to Merial's assertion, the court in *SAS* never "acknowledged" that the application of the first-to-file rule is not the generally accepted position where both cases are filed in the same district court.  The *SAS*

---

of events took place over a period of four months, not two weeks as in the present case.  Additionally, prior to filing the second-filed action the declaratory judgment defendants in *Zide* had no actual notice of the earlier action, unlike this case where Merial admits having full knowledge of the Intervet complaint.

[3]  While spending a page of its brief on declaratory judgment jurisdiction, it is noteworthy that Merial does not even cite to the most recent pronouncements on this issue.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. ___ (2007) (liberalizing the standards for declaratory judgment actions in patent cases); *SanDisk Corp. v.*

court applied Federal Circuit precedent to a case where two patent cases were filed in the same district court, applied the first-to-file rule and dismissed the later filed action in favor of the earlier declaratory judgment action.[4]  This Court should do likewise.  In any event, even if the first-filed rule did not apply, Merial has not provided any basis why its second-filed action should control, and Intervet's first-filed action should be dismissed.  As a fundamental procedural matter, the case began when Intervet filed its action, and to now engage in duplicative filings and motion practice to upset this state of affairs makes little sense.

For the reasons set forth in Intervet's opening papers, Merial's later-filed case should be dismissed in favor of Intervet's first-filed case.


Dated: June 11, 2007                                    Respectfully Submitted,


                                                        /s/     Cedric C.Y. Tan, Esq.
                                                        John R. Hutchins, Esq. (D.C. Bar #456749)
                                                        Cedric C.Y. Tan, Esq. (D.C. Bar #464848)
                                                        KENYON & KENYON LLP
                                                        1500 K Street N.W., Suite 700
                                                        Washington, DC. 20005
                                                        (202) 220-4200 (telephone)
                                                        (202) 220-4201 (facsimile)
                                                        Attorneys for Defendant
                                                        Intervet Inc.

---

*STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) (vacating dismissal of declaratory judgment for lack of case or controversy under precedent from the Supreme Court *MedImmune* decision).

[4]     To counter *SAS Instit.*, Merial cites to two non-patent cases, neither of which apply Federal Circuit precedent.  Further, in *Empagram v. F. Hoffman-La Roche, Ltd.*, 2001 WL 761360, *7 (D.D.C. June 7, 2001), the court based its ruling on the fact that the breadth of the complaints were not the same, a situation that admittedly is not present here.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| MERIAL LIMITED and MERIAL SAS,<br><br>*Plaintiffs,*<br><br>v.<br><br>INTERVET INC.,<br><br>*Defendant.* | Civil Action No. 1:06-cv-00630-HHK |

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, I electronically filed a *Reply in Support of Intervet's Motion To Dismiss Merial's Complaint* with the Clerk of the Court using the CM/ECF system which will automatically e-mail notice of this filing to the following attorneys of record:

        Judy Jarecki-Black, Ph.D.
        MERIAL LIMITED
        3239 Satellite Blvd.
        Duluth, GA 30096-4640
        Tel: (678) 638-3805
        Fax: (678) 638-3350

Thomas J. Kowalski, Esq.
Steven M. Admundson, Esq.
Vicki Franks, Esq.
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue, NY NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0500

Timothy A. Ngau, Esq.
ALSTON & BIRD LLP
950 F. Street, NW
Washington, DC 20004
Tel: (202) 756-3300
Fax: (202) 756-3333

Patrick J. Elsevier, Ph.D.
Elizabeth K. Haynes, Esq.
Frank G. Smith III, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7000
Fax: (404) 881-7777

_/s/ Thomas J. Terebesi_
Thomas J. Terebesi
Litigation Paralegal
Kenyon & Kenyon LLP
1500 K Street, NW
Washington, DC 20005-1257
(202) 220-4200